ALFORD, Judge.
This is an appeal from a ruling of the State Civil Service Commission denying appellant’s request for a recall of his suspension and for reimbursement of all lost wages and benefits. Appellant, Gable Walker, is employed as a security guard in the position of LSP Sergeant by the Department of Corrections at Louisiana State Penitentiary, Angola. Mr. Walker was suspended for a period of ten days effective October 20, 1980, for violation of Department of Corrections Rules 7 and 12(a), which read as follows:
Rule No. 7: FAILURE TO FOLLOW RULES-AGGRAVATED (SCHEDULE II) Direct, written or verbal orders must be obeyed cooperatively and promptly. When orders conflict, the last order received must be obeyed. Employees on occasion may be required to work overtime; this cannot be refused. All state and federal laws must be obeyed.
Rule No. 12(a): Each employee must perform his duties properly and he must perform them in an attentive manner, free from negligence, so as to fulfill the purpose and responsibilities of his assignment.
Testimony adduced at the Commission’s hearing established the following factual background. On July 24, 1980, appellant’s direct supervisors, Captain Laborde and Lieutenant Dubroc, entered Mr. Walker’s assigned station whereupon they overheard a phone conversation between appellant and an unidentified security officer. When questioned about the conversation, Sergeant Walker informed them that the discussion had to do with a fellow officer having information about an inmate who had in his possession dollar bills which he was attempting to convert into larger bills.
*1107 Captain Laborde next instructed Sergeant Walker and Lieutenant Dubroc to proceed to the clothing room in order that they might continue the conversation. Captain Laborde testified that, “When I asked him who the employee was, he told me, he said, T’m not going to tell you.’ I asked him again. I told him, I said Gabe, you know, that’s a violation of the Rules. He said, T’m no rat. I am not going to tell you.’ At that point is when I brought the Department of Corrections Rule Book out and showed him the book. At that point I again told him, I said I need to know the name of that employee. I am asking you again to give me the name of that employee. He put his hand on the book, looked me in the face and shoved the book towards me and told me ‘you know what you can do with that book.’ ” The Commission rendered its decision denying Mr. Walker’s appeal on April 19, 1982.
Article X Section 8(A) of the 1974 Louisiana State Constitution provides that no Civil Service employee shall be subjected to disciplinary action except for cause, and further that the appointing authority bears the burden of proof on an appeal. The central issue presented on this appeal is, therefore, whether the Department of Corrections has met the burden of proof in showing that Mr. Walker was disciplined for cause.
Appellant maintains that he could not have violated Department of Corrections Rule No. 7 in that no direct order was given him. The Court is unable to understand how any employee could not consider the repeated demands of a ranking supervisor as anything but a direct order. The testimony of both Captain Laborde and Mr. Walker clearly shows that orders are given and received in many instances without the words, “This is an order” ever being used.
Mr. Walker also argued that the Commission erred in concluding that he failed to follow a direct order. Given that the Court has determined that a direct verbal order was issued to appellant, we fail to see how Mr. Walker’s continued refusal to divulge the information sought could be anything other than a refusal to comply.
Appellant further maintains that the Commission erred in its conclusion that Mr. Walker was insubordinate, when insubordination was not alleged as one of the grounds for disciplinary action. The specification of error is without merit. A review of the letter giving appellant notice of his suspension clearly states that his behavior in making certain statements indicated insubordination, which served as the basis for the charge that he had violated Department of Corrections Rule No. 12.
Finally, appellant maintains that the Commission erred in concluding that legal cause existed for disciplinary action. Cause has been jurisprudentially defined as, “... conduct which impairs the efficiency of a public service and which bears a real and substantial relation to the efficient and orderly operation of the public service in which the employee is engaged.” Hamilton v. Louisiana Health & Human Resources Administration, 341 So.2d 1190, 1195 (La. App. 1st Cir.1976), writ refused 344 So.2d 4 (La.1977). One of the fundamental requirements of the orderly and efficient running of a penal institution is the maintenance of security. Mr. Walker’s refusal to cooperate with his superiors in their investigation and attempt to reduce security risks, regardless of his motives, impaired the efficiency of the public service in which he was engaged.
The findings and conclusions of the State Civil Service Commission are affirmed and the appellant is to bear the costs of this appeal.
AFFIRMED.